EXHIBIT A

# EXHIBIT A

**Ke**

UNLIMITED SPIRIT

☑ **REGISTER TO VOTE**

**ALISON LUNDERGAN GRIMES**
**SECRETARY OF STATE**

P.O. Box 718
Frankfort, Kentucky 40602-0718

CERTIFIED MAIL

Received 10/5/2018

7018 0680 0000 4255 1505

LEXINGTON FOUR POST1
TUE 02 OCT 2018 AM

PRINCIPAL LIFE INS. CO.
GROUP LIFE NAD DISABILITY CLAIMS
711 HIGH ST.
DES MOINES, IA 50392

PRINCIPAL FINANCIAL GROUP

REC'D AT 12
OCT 05 2018

**Received 10/5/2018**



Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

September 28, 2018

PRINCIPAL LIFE INS. CO.
GROUP LIFE NAD DISABILITY CLAIMS
711 HIGH ST.
DES MOINES, IA 50392

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 17-CI-05389

COURT:  Circuit Court Clerk
        Jefferson County, Division: 4
        700 West Jefferson St.
        Louisville, KY 40202
        Phone: (502) 595-3055

Legal action has been filed against you in the captioned case.  As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

    (1) **Your attorney, or**
    (2) **The attorney filing this suit whose name should appear on**
        **the last page of the complaint, or**
    (3) **The court or administrative agency in which the suit is filed**
        **at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case.  Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

---

Kentucky Secretary of State's Office          Summons Division                                    9/28/2018

Received 10/5/2018

**17 CI 05383**

| AOC-105          Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice    www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. _____<br>Court  ☑ Circuit ☐ District<br>County Jefferson<br>JEFFERSON CIRCUIT COURT<br>DIVISION FOUR (4) |

**PLAINTIFF**

LILLIE CORBETT

RECEIVED
SEP 2 8 2018
SECRETARY OF STATE

VS.

**DEFENDANT**

PRINCIPAL LIFE INS. CO.
GROUP LIFE AND DISABILITY CLAIMS
711 HIGH ST.
DES MOINES, IOWA 50392

Service of Process Agent for Defendant:
SECRETARY OF STATE

_____

_____

_____

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

        You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

        The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____ SEP 17 2018_, 2 _____

DAVID L. NICHOLSON, CLERK

By: _____ D.C.

_____ Clerk

| **Proof of Service** |
|---|
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| _____ |
| this _____ day of _____, 2 _____. |
| Served by: _____ |
| _____ Title |

Received 10/5/2018



NO.

**17 CI 05383**

JEFFERSON CIRCUIT COURT

DIVISION ~~JEFFERSON CIRCUIT COURT~~
DIVISION FOUR (4)

LILLIE CORBETT ) PLAINTIFF
 )
 )
v. )
 COMPLAINT
 )
 )
PRINCIPAL LIFE INSURANCE CO. )
GROUP LIFE AND DISABILITY CLAIMS )
711 HIGH STREET, K-007-E81 )
DES MOINES, IOWA 50392 )
 ) DEFENDANT
 )
SERVE: )
SECRETARY OF STATE )
 )

A COPY
ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON CIRCUIT COURT
LOUISVILLE, KENTUCKY
\*\*\*        \*\*\*        \*\*\* BY_____D.C.

Comes the Plaintiff, LILLIE CORBETT, by counsel, and for her cause of action against Defendant states as follows:

### PARTIES AND VENUE

1. Plaintiff resides Louisville, Jefferson County, Kentucky.

2. At all relevant times Plaintiff was beneficiary under a wage replacement insurance plan underwritten by Defendant.

3. Defendant, Principal Life Insurance Company, (hereinafter "carrier" or "Defendant" or "Principal" ) is a corporation doing business in the Commonwealth of Kentucky.

4. This is an action brought by a Plaintiff to recover life insurance benefits due to her under the terms of an insurance plan.  The plan is governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e).

5. Jurisdictional limitations exceed those required by this Court and furthermore this Court has concurrent jurisdiction with the Federal District Court.

### FACTS

6. Plaintiff was a covered participant in a policy of disability insurance and life insurance held by her employer for a sufficient time period so as to be eligible for wage replacement and life

Received 10/5/2018

insurance coverage under the terms of an insurance contract identified as Claim #5545042.

7. As a full time employee, Plaintiff was eligible for, and was participating in the long-term disability plan ("plan") offered by employer.

8. At all times relevant to this Complaint, the plan was administered by Principal and at all relevant times Principal remained the so called "plan administrator".

9. By virtue of Plaintiff's medical impairments, and according to medical personnel, it was apparent that Plaintiff was permanently and totally disabled or, alternatively. Had restrictions and limitations that precluded her engaging in fulltime employment.

10. So as to comply with the terms of the plan Principal compelled the Plaintiff to apply for Short Term Disability benefits ("STD") and Social Security Disability Benefits ("SSDI"). Defendant paid STD.

11. Plaintiff then applied for and was approved Long Term Disability benefits ("LTD") by Principal. Subsequently, Principal re-reviewed the file and terminated LTD benefits advising her of its decision on August 14, 2018. Said action on part of Plaintiff exhausted administrative remedies under the plan.

12. Principal's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Principal failed to offer a rational basis as to why it did not concur with a diagnosis of disability consistent with Plaintiff 's treating physicians.

13. Principal's in-house reviewing staff erroneously concluded that the Plaintiff can return to work and to work full time, as he did before the onset of his disability. Furthermore, Principal refused to consider all of the Plaintiff's medical ailments and combined effect on her to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

14. Principal's refusal to have considered Plaintiff's combination of medical impairments, and the effect each has on the other, is error. Plaintiff was entitled to have the combination of all impairments considered under the terms of the plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

15. Principal was legally unable to deny Plaintiff's benefits based on even its own medical and vocational findings.

16. Since Principal compelled Plaintiff to apply for SSDI benefits it could not have ignored the decision of the SSA. Calvert v. Firststar Finance, 409 F.3d 286 (6th Cir. 2005).

Received 10/5/2018

17. Any physician who has personally treated the Plaintiff had never questioned the permanency and totality of her disability.

18. Defendant Principal's conclusions that Plaintiff was not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

19. At all relevant times Principal was acting under a conflict of interest as it was the entity which determined if Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits.  Accordingly, the Plaintiff is entitled to discovery over and above that which is customarily permitted in cases litigated under the ERISA statute.

COUNT 1

BREACH OF ERISA STATUTE

20. Pursuant to the ERISA statute Plaintiff was entitled to long-term disability benefits under the Plan.

21. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the ERISA statute.

22. Defendant's decision to deny Plaintiff 's benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

COUNT 2

DENIAL IS BREACH OF WAGE REPLACEMENT CONTRACT

23. The Plaintiff is entitled to long-term disability benefits that would have been paid to Plaintiff under the Plan.

24. Defendant had wrongfully denied Plaintiff LTD benefits and had breached the terms of the plan under the dictates of Kentucky statute and jurisprudence.

25. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the contract of wage replacement insurance.

WHEREFORE the Plaintiff prays as follows:

Received 10/5/2018

1.  For payment of disability benefits due to Plaintiff, calculated from the date benefits were ceased until now, with interest to the extent permitted by law;

2.  For attorney's fees and expenses that Plaintiff has incurred for enforcing her contractual rights as well as her ERISA rights;

3.  For payment of the life insurance benefit;

4.  For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage its termination of benefits has caused respecting Plaintiff's credit history;

5.  For any other attorney fees and costs expended in connection with the unlawful denial of benefits;

6.  For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____

ROBERT A. FLORIO
1500 Story Ave.
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228